In the District Court of the United States
For the District of South Carolina

BEAUFORT DIVISION

| | |
|---|---|
| Kellis Djon Jackson, #13872-083, ) | |
| ) | Civil Action No. 9:06-2048-RBH-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| United States of America; ) | **OF THE MAGISTRATE JUDGE** |
| Reginald I. Lloyd, United States Attorney; ) | |
| Edward F. Reilly, Jr., Parole Chairman; ) | |
| Matthew B. Hamidullah, Warden, ) | |
| ) | |
| Respondents. ) | |
| ) | |

## I.   INTRODUCTION

The Petitioner, Kellis Djon Jackson ("Petitioner" or "Jackson"), a federal prisoner proceeding *pro se*, filed a writ of *habeas corpus ad subjiciendum,* seeking relief under Title 28, United States Code, Section 2241.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., the undersigned United States Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.  The above-captioned respondents (the "Respondents") have filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.

## II.   *PRO SE* PETITION

Petitioner presently is incarcerated in the Estill Federal Correctional Institution ("FCI Estill).  Petitioner filed this Petition for a writ of habeas corpus (the "Petition") on or about July

15, 2006 against the Respondents.[1]  [1-1]  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III.   BACKGROUND TO THE CASE

On two separate occasions in 1987, Petitioner posed as a law enforcement officer and kidnaped an elderly woman.  Petitioner shackled and gagged both women, and used an electric shocking device on one of the victims.  After Petitioner was apprehended by the police, the United States charged him with one count of kidnaping with intent to ransom in violation of 18 U.S.C. § 1201(a)(1), and the District of Columbia charged Petitioner with one count of kidnaping in violation of D.C. Code § 22-2001.

---

[1] Although Petitioner is entitled to the benefit of the *Houston v. Lack* delivery date, that date cannot be ascertained by the court, as there is no indication on either of Petitioner's envelopes as to the date his pleadings were received in the mailroom.  Accordingly, the court will use the date the envelopes were postmarked.  Notwithstanding the foregoing, however, there is no limitations issue that has been alleged or identified in this case, and therefore the exact date of mailing is not an issue in the present case.

While in custody pending trial, Petitioner sent threatening letters to his victims and potential witnesses. Consequently, the United States charged Petitioner with two counts of tampering with a witness, victim, or informant in violation of 18 U.S.C. § 1512.[2]

Petitioner pled guilty to all charges. On May 22, 1987, the United States District Court for the Eastern District of Virginia imposed a thirty-year sentence for kidnaping with intent to ransom in violation of 18 U.S.C. § 1201(a)(1), and two five-year sentences for obstruction of justice in violation of 18 U.S.C. § 1512 based on his having threatened the two victims of his kidnaping offense. Those five-year terms were to run concurrently with each other and consecutive to the kidnaping count.[3] In addition, on June 12, 1987, the United States District Court for the District of Columbia imposed a sentence of ten to forty-five years for kidnaping in violation of D.C. Code § 22-2101, this sentence to be served consecutively to the thirty-five-year sentence imposed by the District Court for the Eastern District of Virginia.[4] Accordingly, Petitioner was to serve an aggregate eighty (80) year sentence.

Petitioner appeared for an initial parole hearing with the U.S. Parole Commission on June 13, 2000.[5] At the hearing, the Commission considered Petitioner's numerous offenses and instances of institutional misconduct and at the conclusion of the hearing, the presiding hearing examiner assessed Petitioner's federal parole guidelines at 276+ months to be served. Following

---

[2] *See Jackson v. Compton*, CA No. 7:03CV00094, attached as Exhibit M to Respondents' Motion. [17-1]

[3] *See* Exhibit A attached to Respondents' Motion. [17-1]

[4] *See* Exhibit B attached to Respondents' Motion. [17-1] With respect to the kidnapping conviction, the District Court for the District of Columbia originally imposed a minimum term of 15 years but it was later determined that this was contrary to 18 U.S.C. § 4205. The Court subsequently entered an order reducing the minimum term to 10 years, specifying that the minimum term was to be served pursuant to 18 U.S.C. § 4205(b)(1). *See* page 3 of Exhibit A, attached to Respondents' Motion. [17-1]

[5] *See* Exhibit C attached to Respondents' Motion. [17-1]

the hearing, the U.S. Parole Commission deciding Petitioner's case determined that he should be continued to a fifteen-year reconsideration hearing.[6]

On March 15, 2001, the Commission continued Petitioner to a fifteen-year reconsideration hearing.[7] Because this decision was more than forty-eight (48) months above the bottom of Petitioner's open-ended guideline range, the Commission set forth case-specific factors warranting the decision, listing Petitioner's involvement in two separate kidnappings of elderly individuals while acting as a law enforcement officer, the unusual cruelty of the crimes, Petitioners binding female victims with tape (shackling and gagging them), and Petitioner's institutional misconduct, which included sending threatening letters from the institution.[8]

Petitioner appealed the Commission's decision to the Commission's National Appeals Board, challenging the manner in which the Commission considered his case.[9] Upon administrative appeal, the National Appeals Board modified the Commission decision, finding that 28 C.F.R. § 2.65 had not been correctly applied.[10] The National Appeals Board continued Petitioner for a ten-year reconsideration hearing in February of 2010 to apply the D.C. guidelines with regard to Petitioner's D.C. sentence.[11] Because this decision was a decision more than 48 months beyond Petitioner's minimum guideline range, the National Appeals Board again provided case-specific factors justifying its decision.[12]

---

[6] *See* ¶ 3-4 of Exhibit C attached to Respondents' Motion. [17-1]

[7] *See* Exhibit D attached to Respondents' Motion. [17-1]

[8] *Id.*

[9] *See* Exhibit E.

[10] *See* Exhibit F.

[11] *Id.*

[12] *Id.*

Petitioner appeared before the Commission for an interim hearing on August 7, 2002 to determine whether any new and significant developments had occurred in his case since his initial hearing.[13] The Commission found that there were none and accordingly ordered no change in the decision, again continuing Petitioner to a hearing in February of 2010.[14]

Petitioner received an interim hearing with the Commission on June 16, 2004.[15] Following this hearing, the Commission ordered no change in the Commission's decision.[16] Petitioner appeared for his most recent interim hearing on June 30, 2006.[17] The hearing examiner noted that Petitioner had declined to participate in any prison programs. After that hearing, the Commission ordered no change in the previous decision.[18]

## IV. DISCUSSION

### A. Previous Petitions

The Petition presently before this court is Petitioner's third petition seeking habeas corpus relief. Petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in 2003 in the Western District of Virginia where he was incarcerated, challenging the following: (1) the Parole Commission's calculation of his parole guidelines; (2) the consideration by the Parole Commission of conduct not charged in the indictments to which he pled in figuring his parole eligibility; (3) the Parole Commission's treatment of his case as a "mixed" offense under 28 C.F.R. § 2.65; and (4) the District Court for the Eastern District of Virginia having run his sentences for obstruction consecutive to his sentence for kidnaping. The Honorable Samuel

---

[13] *See* Exhibit G attached to Respondents' Motion.

[14] *See* Exhibit H attached to Respondents' Motion.

[15] *See* Exhibit I attached to Respondents' Motion.

[16] *See* Exhibit J attached to Respondents' Motion.

[17] *See* Exhibit K attached to Respondents' Motion.

[18] *See* Exhibit L attached to Respondents' Motion.

G. Wilson, Chief United States District Judge for the Eastern District of Virginia, denied the requested relief "[b]ecause all of Jackson's arguments [were] either meritless or not properly raised in a § 2241 motion."[19]  A panel of the Fourth Circuit Court of Appeals affirmed.  *Jackson v. Compton, et al.*, No. 04-6231 (June 30, 2004) (*per curiam*).[20]

Petitioner filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Indiana in 2004, again challenging: (1) the application by the Parole Commission of the procedures for mixed sentences outlined in 28 C.F.R. § 2.65; (2) the Parole Commission's decision regarding eligibility for parole and the schedule for his periodic review; and (3) the underlying D.C. conviction.  The District Court for the Southern District of Indiana denied relief, finding that the procedures in 28 C.F.R. § 2.65 were properly applied, the Parole Commission's decisions regarding eligibility for parole and review schedules were rationally based, and Section 2241 was not the proper vehicle to challenge the underlying conviction.[21]

### B.  The Present Petition

### 1.  An Overview

Petitioner has filed the present Petition (his third) pursuant to 28 U.S.C. § 2241 against the above-captioned Respondents.  The issues Petitioner raises in the present petition largely fall into two categories:  those issues raised and ruled upon in his two prior Section 2241 petitions; and those that were raised in his prior Section 2241 petitions, but should have been raised on direct appeal of his sentences or in a Section 2255 petition.

In the first category, *viz,*, those issues raised and ruled upon in his two prior Section 2241 petitions; Petitioner challenges the application of the federal guidelines to his D.C. Code

---

[19]     *See* Exhibit M attached to Respondents' Motion.

[20]     *See* Exhibit N attached to Respondents' Motion.  The panel consisted of Judges Wilkinson, Niemeyer, and Shedd.

[21]     *See* Exhibit O attached to Respondents' Motion.

sentence, and argues that the Parole Commission applied the federal regulations applicable to mixed federal and D.C./state sentences arbitrarily.[22]

In the second category, Petitioner once again challenges the underlying D.C. conviction on the basis that the district court lacked subject matter jurisdiction and that the original indictment was defective.[23]  He contends that the District Court for the District of Columbia did not have the authority to reduce his parole eligibility term from 15 years to 10 years.[24]  He also challenges the indeterminate nature of his D.C. sentence.[25]

The only new challenge contained in Petitioner's Petition before this court is an inane argument which appears to claim that Petitioner's name is a registered trademark.  Petitioner appears to allege that a valid security agreement and financing statement are on file with the Michigan Secretary of State's office which represent a superior claim over Petitioner's name, so that his physical incarceration is in violation of trademark law.[26]  Construed liberally, as the court must do when considering *pro se* pleadings, it appears that Petitioner is attempting to set forth some type of trademark or commercial bonding argument in his brief, but Petitioner cites no case law in support of such an argument and thus the court is left with nothing but incoherent allegations.  Indeed, the Respondents, through their attorneys, state that they are unable to make sufficient sense of the claim in order to brief the issue, and requests that this claim be dismissed with the others on the basis that the trademark/commercial bonding argument does not appear to relate to the conditions of Petitioner's confinement, and as such is not appropriately addressed in a petition under Section 2241.  The undersigned agrees with the Respondents' argument and

---

[22]     *See* Petition at 16, 24.

[23]     *See* Petition at 13, 17, 27.

[24]     *See* Petition at 14, 18.

[25]     *See* Petition at 30.

[26]     *See* Petition at 28 and Financing Statement attached to Petition as Attachment O.

recommends that this portion of the Petition be dismissed.  *See, e.g., In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

## 2.  The Petition is Successive

Next, the court recommends that the present Petition be dismissed as a successive petition or on grounds of abuse of the writ.  Petitioner has filed two previous petitions under Section 2241 raising all but one of the issues he includes in the Petition before this Court.  Section 2244(a) prohibits successive petitions:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Prior to the amendment of § 2244(a) in 1996, this statute was applied to bar successive habeas petitions raising challenges previously heard and decided.[27]  *See, e.g., Sanders v. United States*, 373 U.S. 1 (1963); *Glum v. Honstead*, 891 F.2d 872, 873 (11th Cir. 1990); *Poyner v. U.S. Parole Comm'n*, 878 F.2d 275, 277 (9th Cir. 1989); *Sacco v. U.S. Parole Comm'n*, 639 F.2d 441, 442-43 (8th Cir. 1981).  The amendment of Section 2244 by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132; 110 Stat. 1217 (April 24, 1996) (the "AEDPA") does not compel a different conclusion in this case.  The AEDPA did not modify § 2244(a) to expand a court's authority to consider successive Section 2241 petitions, given the clear legislative intent to limit access to federal courts to prisoners who submitted multiple successive petitions.  *See Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (attacks on the execution of a federal sentence are not affected by the "prior approval" mechanism imposed by the AEDPA; § 2244(a)

---

[27]   Prior to the 1996 amendment, the statute provided that a district judge was not required to entertain a habeas corpus petition "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge [or] court is satisfied that the ends of justice will not be served by [another] inquiry."  28 U.S.C. 2244(a) (amended1996).

still bars "successive petitions under § 2241 directed to the same issue concerning execution of a sentence").

The court's review of the instant petition leads it to the inexorable conclusion that the arguments that Petitioner presents in this Petition merely are a reformulation of the arguments he presented to the U.S. District Court for the Southern District of Indiana and to the Western District of Virginia. Petitioner has raised and received an adverse ruling on his claims concerning the application of the federal parole guidelines to his United States Code and D.C. Code sentences in both the U.S. District Court for the Southern District of Indiana and the U.S. District Court for the Western District of Virginia.[28] The U.S. District Court for the Southern District of Indiana determined that the Commission properly applied 28 C.F.R. § 2.65 to Petitioner's mixed sentences. The Western District of Virginia court made the same conclusion and found that the Commission is required to treat mixed sentence inmates differently from purely federal inmates. Thus, Petitioner has had ample opportunity to fully litigate the claims that he raises in this Petition regarding application of the federal parole guidelines, and Section 2244(a) is a bar the current challenge.

Even if this court were to find that Petitioner's "trademark" claim has added a nuance to his prior claims so as to present an issue not ruled upon in the earlier habeas litigation, it nonetheless remains that those new allegation[s] could have been raised in the earlier habeas petitions, but were not, and therefore have been forfeited. *United States v. MacDonald*, 966 F.2d 854, 859 (4th Cir. 1992) ("the abuse of the writ doctrine 'in general prohibits subsequent habeas consideration of claims not raised, and thus defaulted, in the first federal habeas proceeding'"). The failure to present claims that could have been raised, but were not, results in forfeiture of

---

[28] *See* Kellis Djon Jackson v. Mark Bezy, Warden, Case No. 2:04-cv-262 (S.D. Ind.), attached as Exhibit O, *and* Kellis Djon Jackson v. B.G. Compton, Warden, Case No. 7:03CV00094 (W.D. Va.), attached as Exhibit M. Petitioner appealed the latter case to the U.S. Court of Appeals for the Fourth Circuit, where it was dismissed in an unpublished *per curiam* decision. See Exhibit N *and supra* footnote 20. All Exhibits are attached to Respondents' Motion.

those claims under the doctrine of the abuse of the habeas writ. *McCleskey v. Zant*, 499 U.S. 467 (1991). Petitioner can only obtain review of such a new claim if he can demonstrate cause for his failure to raise the claim and prejudice. *Id.*; *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995). Petitioner has not even attempted to demonstrate cause and prejudice. Thus, it is recommended that any new allegation raised in the present Petition be dismissed on the grounds that it constitutes abuse of the writ.

### 3.  The Petitioner is Not Entitled to Relief on the Merits

Petitioner raises several claims regarding the legality of his sentences. He claims that the D.C. indictment was deficient, the D.C. Court lacked jurisdiction to hear his case, and that the sentencing court was without authority to lower his parole eligibility term to 10 years.

A federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to Section 2255 in the jurisdiction of origin. Generally, Section 2241 is reserved for challenges to the execution of the prisoner's sentence. *See, e.g., In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In limited circumstances, where Section 2255 is "inadequate or ineffective" to test the legality of detention, a prisoner may file a writ under Section 2241, but Section 2255 is not considered ineffective merely because a petitioner is unable to obtain the desired relief or procedurally barred from making the claim under Section 2255. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Petitioner has not even attempted to satisfy his burden to show that the remedy available under Section 2255 is inadequate or ineffective under *Jones*. For this reason, the claims attacking the legality of his original convictions and sentences should be dismissed as they were in the Southern District of Indiana and the Western District of Virginia. In both instances, the courts dismissed the same claims made before this Court, where Petitioner is attacking the legality of the underlying conviction and sentence, as not properly raised in a Section 2241 motion.

Even were the undersigned to reach the merits of Petitioner's complaint, the Commission has correctly applied the guidelines to Petitioner's offenses. Petitioner's primary complaint is

with the decision he received from the Parole Commission, which was made under the Commission's policy for prisoners serving aggregate D.C. Code and U.S. Code sentences, found at 28 C.F.R. § 2.65.  Under that regulation, the Commission considers the aggregate sentence - in this case, 80 years - by "dividing" the federal and D.C. time.  *See* 28 C.F.R. § 2.65 (b).  First, the Commission considers the prisoner for parole by applying the federal guidelines, found at 28 C.F.R. § 2.20, to the time the prisoner has spent in custody from the prisoner's initial arrest.  *See* 28 C.F.R. § 2.65(c).  After determining the amount of "federal time" to be served before parole, the Commission then schedules a hearing to apply the D.C. parole guidelines and, applying those guidelines, makes a "D.C." parole decision.  *See* 28 C.F.R. § 2.65 (e) & (f).  In this way, the Commission considers a "mixed" aggregate sentence, while maintaining the distinctive nature of the U.S. and D.C. parole guidelines.

In considering Petitioner's sentences as an aggregate sentence for parole purposes, the Commission first applied the U.S. parole guidelines to determine the amount of federal time to be served under 28 C.F.R. § 2.65(c).  Ultimately, the Commission determined that Petitioner should be continued for a hearing in February, 2010 (4 months before his mandatory parole date) to apply the D.C. guidelines.  In so doing, the Commission evidenced its intent to require Petitioner to serve the maximum amount of time permitted under the regulations.  Under the Commission's current decision, Petitioner will receive his D.C. parole hearing in February, 2010, and at that time, the Commission will make the D.C. parole decision.  Because the Commission complied with the regulatory scheme outlined in 28 C.F.R. § 2.65, the Commission's assessment of Petitioner's case was lawful.  "It is well established that a criminal offense committed in violation of the United States Code and the District of Columbia Code are federal offenses against the same sovereign and it is therefore appropriate to aggregate consecutive sentences for the purposes of determining parole eligibility."  *See Gill v. U.S. Parole Commission*, 692 F.Supp. 623, 625 (E.D. Va. 1988).  But within that context, the Commission is required to assess Petitioner's suitability for parole separately in regard to his U.S. and D.C.

Page 11 of  14

Code convictions. *See Thomas v. Brennan*, 961 F.2d 612 (7th Cir. 1992). Under § 2.65, if Petitioner is ultimately found suitable for release on parole, he will be paroled on a single aggregate sentence. *See* 28 C.F.R. § 2.65(h)(any parole violations "are violations on the aggregate sentence[.]"). Indeed, as the Respondents argue, Petitioner cannot show that he necessarily will be harmed by application of the D.C. "total point score" guideline system when he finishes serving his "federal time" in 2010. Under the federal parole guidelines applied to "Category Eight" offenses such as kidnaping, the guidelines have no upper limit (hence the expression of "276+" months), and a prisoner can therefore be required to serve his entire sentence within the Commission's discretion. *Madonna v. U.S. Parole Commission*, 900 F.2d 24, 26 (3d Cir. 1990).

## RECOMMENDATION

Based upon the reasons set forth above, it is recommended that Petitioner's Petition for Habeas Corpus relief **[1-1] should be denied and dismissed**; and Respondents' Motion for Summary Judgment **[17-1] should be granted.**

November 14, 2006

Charleston, South Carolina

/s/ George C. Kosko
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to**

**the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

**Just as a complaint stating only 'I complain' states no claim, an objection stating**

**only 'I object' preserves no issue for review.  * * *  A district judge should not**

**have to guess what arguments an objecting party depends on when reviewing a**

**[magistrate judge's] report.**


*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**