UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kellis Djon Jackson, #13872-083 | ) | C/A No. 9:06-2048-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| United States of America; | ) | |
| Reginald I. Lloyd, United States Attorney; | ) | |
| Edward F. Reilly, Jr., Parole Chairman; | ) | |
| Matthew B. Hamidullah, Warden, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, a federal inmate at FCI-Estill, proceeding *pro se*, filed a petition on July 17, 2006 requesting issuance of a writ of habeas corpus *ad subjiciendum.* The petition was construed by the Magistrate Judge to whom the case was referred as seeking relief pursuant to 28 U.S.C. § 2241. Petitioner was sentenced on May 22, 1987 in the United States District Court for the Eastern District of Virginia to thirty (30) years for kidnapping with intent to ransom and to two five-year terms for obstruction of justice.[1] Petitioner was also sentenced on June 12, 1987 in the United States District Court for the District of Columbia to a minimum of fifteen (15) years and a maximum of forty-five (45) years for kidnapping in violation of the District of Columbia Code. The second sentence was to run consecutively to the thirty-five year sentence imposed by the District Court in Virginia. On June 29, 1998, the Chief Judge of the United States District Court for the District of Columbia vacated the minimum fifteen-year sentence for the D.C. Code violation before the petitioner could be considered

---

[1] The two five year sentences were to run concurrently with each other and consecutive to the kipnapping sentence.

1

for parole and reduced the minimum term to ten years. *See* Attachment H to Petition.

Several hearings have been held before the United States Parole Commission as outlined in the Report, beginning on June 20, 2000, after each of which the Commission determined based upon various reasons including the cruelty of the crimes and institutional misconduct that the case should be continued for hearings in subsequent years. The petitioner is scheduled to have a parole hearing in 2010 "to apply the D.C. Guidelines with regard to the sentence for violation of the D.C. Code." *See* Notice of Action dated July 12, 2006.

Petitioner has apparently never filed an action under 28 U.S.C. § 2255, which is the normal avenue of habeas relief for federal prisoners. Petitioner has previously filed two other actions pursuant to 28 U.S.C. § 2241 as referenced in the Report, one in the Southern District of Indiana, and the other in the Western District of Virginia. Petitioner appealed the latter case to the Fourth Circuit Court of Appeals, which dismissed the case in an unpublished decision. *See* attachments to Motion to Dismiss.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate George C. Kosko filed November 14, 2006. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1),

Based on his review of the record, the Magistrate Judge concluded that the Petitioner's § 2241 action should be dismissed because, with the exception of a "an inane argument which appears to claim

that Petitioner's name is a legal trademark", the petition is a successive petition and that, even if it is not considered successive, the petitioner is not entitled to relief on the merits.

The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the Report. Petitioner timely filed objections to the Report and Recommendation on November 30, 2006.

The Petition alleges five "counts". "Count 1" alleges that the United States District Court lacked subject matter jurisdiction "to attach a <u>Federal</u> sentencing guideline, i.e., Title 18 § 4205, to a District of Columbia Code offense, i.e., Title 22 § 2101." "Count 2" alleges that the order which modified his allegedly void judgment was prejudicial due to lack of personal and subject matter jurisdiction based on defects in the indictment. "Count 3" alleges that the Parole Commission's "action of reimposing guidelines was arbitrary and capricious and beyond authority." "Count 4" alleges the indictments which charged him with threatening a witness and obstruction of justice were "fatally defective." "Count 5" alleges that he is being denied his lawful remedy of discharging financial obligation represented by commercial criminal bonds."

The petitioner's first objection states that he objects to the re-characterization by the Magistrate Judge of his petition as a § 2241 petition and not a petition for habeas corpus *ab subjiciendum*. However, "for the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the United States, must be given by written law." *Carbo v. U.S.*, 364 U.S. 611, 614 (1961), citing 4 *Cranch* at pp. 93-94. Therefore, the Magistrate Judge properly applied the laws applicable to Section 2241 to the case. This is consistent with the relief requested by the petitioner, requiring the respondents to establish the legality of his restraint or immediate release from custody.

Petitioner also appears to contend that his case was brought under the Administrative Procedures Act for review of an agency decision instead of under Section 2241. However, the petitioner states on page 7 of his petition that he is seeking a writ of habeas corpus to "inquire into the nature and cause of respondent' restraint of petitioner's liberties." In addition, Section 2241 is the proper mechanism for challenging the execution of a sentence, and the decisions of the Parole Commission as to whether to grant parole are not reviewable by courts even under an abuse of discretion standard. *See* 5 U.S.C. § 701(a)(1) and (2) (judicial review provisions of Administrative Procedures Act do not apply where "agency action is committed to agency discretion by law.") and former Section 4218(d) ("Actions of the Commission pursuant to paragraphs (1),(2), and (3) of section 4203(b) shall be considered actions committed to agency discretion for purposes of section 701(a)(2) of title 5, United States Code."). A petitioner may assert in court that the parole commission exceeded its legal authority, acted unconstitutionally, or did not follow its own regulations,[2] but he cannot repeatedly assert the same argument in subsequent petitions.

The petitioner alleges in his objections that "the affidavit submitted as a summary judgment motion" should be dismissed and that the Report and Recommendation is based on hearsay. This objection lacks merit. The respondents have properly followed the procedures outlined in Rule 56. Moreover, the Court can take judicial notice of previous filings and its own judicial records.

The petitioner also objects to the portion of the Report dealing with the aggregation of his two sentences. The Court will not address this argument, since it is clearly barred as a successive petition under 28 U.S.C. § 2244(a), and the argument was fully addressed by the other two district court judges

---

[2] *See Garcia v. Neagle*, 660 F.2d 983 (4th Cir. 1982); *Fardella v. Garrison*, 698 F.2d 208 (4th Cir. 1982)

4

in the petitioner's prior 2241 cases.

Finally, the petitioner alleges that lack of subject matter jurisdiction can be raised at any time and that therefore he should be allowed to raise issues regarding the sufficiency of the indictment. In the Petition, the petitioner alleges: "Such lack of subject matter jurisdiction stems from the fact that Petitioners' indictment . . . in the U.S.D.C. Court, D.C. circuit, was <u>Fatally Defective</u> by including complaints and information that failed to charge a crime." Such an argument clearly pertains to the legality of his conviction and, thus, the argument should have been raised in an action pursuant to Section 2255. In addition, errors in indictments are generally held to be harmless and not affecting substantial rights. *U.S. v. Higgs*, 353 F.3d 281, 305 (4th Cir. 2003). Therefore, even if the Court were to address the alleged errors in the indictment, the petitioner has not shown that he lacked counsel, that he was tried by a biased tribunal, or some other basis for avoiding harmless error review.

Finally, Petitioner has moved to amend his petition to assert that he is actually innocent of the offenses and should be allowed to pursue a § 2241 action. However, the Court finds that, even if the petitioner were allowed to amend his petition, his allegations of actual innocence, which are based solely on his jurisdictional arguments already addressed above, are not sufficient to invoke exceptional review of a conviction under § 2241.[3] Under the actual innocence doctrine, the district court may on a motion to vacate a conviction review a procedurally defaulted claim if the defendant can produce new evidence showing that it is more likely than not that no jury would convict him. *U.S. v. Harris*, 183 F.3d 313, 318 (4th Cir. 1999). In the case at bar, the petitioner does not claim that he did not commit the crimes to which he pleaded guilty.

---

[3] The initial report by the Parole Commission indicates that the petitioner admitted that he committed the kidnapping and that he sent the threatening letters. (Docket #17-4).

5

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the respondents' motion for summary judgment is granted and the case is **DISMISSED**. The petitioner's remaining motions are deemed moot.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 8, 2007
Florence, South Carolina